**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Hardy, | No. CV17-03951-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Broadway Estates Mobile Home Park LLC; JPK Management LLC; and Annie Martinez, | |
| Defendants. | |

This case arises out of Plaintiff's eviction from a mobile home park. Although the complaint is not entirely clear, Plaintiff appears to allege retaliation under the Fair Housing Act ("FHA") for making a disability-related complaint. Defendants move for summary judgment. Doc. 56. The motion is fully briefed (Docs. 65, 66) and oral argument has not been requested. The Court will grant the motion.

## I. Summary Judgment Standard.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides:

> If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(3). Thus, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth *specific facts* showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986) (emphasis added); *see* LRCiv 56.1(b) (requiring the party opposing summary judgment to present evidence that establishes a genuine issue of material fact or otherwise precludes judgment in favor of the moving party).

## II.    Background.[1]

Defendants moved for summary judgment on March 15, 2019. Doc. 56. Although Plaintiff responded, she did not comply with Local Rule of Civil Procedure 56.1. Despite being warned to do so, Plaintiff has not filed a separate statement of facts with numbered paragraphs corresponding to the separate statement of facts that has been filed by Defendants. *See* Doc. 63 at 2. The Court informed Plaintiff of her burden:

> [Y]ou must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e) of the Federal Rules of Civil Procedure, that contradict the facts set forth in the declarations and documents filed by Defendant(s), and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Id.* Despite including some evidence in her response (*see* Doc. 65 at 5), Plaintiff provides no declarations, depositions, answers to interrogatories, or authenticated documents as provided in Rule 56(e). Nevertheless, the Court will consider the evidence that Plaintiff has provided and will address the motion on the merits. Based on Defendants' supporting

---

[1] This case was recently transferred to the undersigned judge with the summary judgment motion already pending. *See* Doc. 67. Also pending was Plaintiff's motion to expedite the case. Doc. 62. This motion will be denied as moot.

evidence (Doc. 57) and Plaintiff's cursory statement of facts (Doc. 65 at 5), the following facts are undisputed unless otherwise noted.

Plaintiff has a number of medical conditions that significantly affect her mobility, including lupus, coronary artery disease, congenital heart failure, diabetes, blindness, COPD, asthma, and kidney disease. Doc. 57 ¶ 1. Plaintiff rented a mobile home lot at the Broadway Estates Mobile Home Park ("the Park") and owned the mobile home that occupied the lot. Doc. 56 at 1. The lot frequently flooded around Plaintiff's driveway, with the flooding so severe that it covered the back stairs and the metal ramp she used for her electric wheelchair. Doc. 65 at 2. This affected her ability to come and go from her mobile home. *Id.* In September 2015, Plaintiff complained to the park manager about the flooding and threatened to file an Americans with Disabilities Act ("ADA") complaint if it was not resolved. Doc. 57 ¶ 3. The Park attempted to fix the problem by placing gravel around her property and the City of Mesa cleared some drainage. *Id.* ¶ 4.

Plaintiff paid the monthly rent for her lot by check in July, August, September, and October of 2015. *Id.* ¶¶ 2, 5. In November, however, Plaintiff requested the Park to withdraw her rent directly from her bank account. *Id.* ¶ 6. The electronic withdrawal was declined for insufficient funds and she did not attempt to pay by check. *Id.* ¶¶ 7-8. Plaintiff disputes that there were insufficient funds in her account to pay the November rent. Doc. 65 ¶ 1. In November and December, Plaintiff went to stay with her daughter, a state-licensed caregiver, for the holidays. Doc. 57 ¶¶ 9-10. In January 2016, Plaintiff was hospitalized for ten days and thereafter went to live with her daughter full-time. *Id.* ¶¶ 11-12. During this time Plaintiff moved out of the Park and did not return. *Id.* ¶ 13.

In February 2016, Plaintiff informed Defendants that she would not make any further payments. *Id.* ¶ 14. The Park then brought an eviction action in justice court alleging that Plaintiff had failed to pay rent as agreed. *Id.* ¶ 17. Plaintiff failed to appear and the court entered default judgment against her on February 18, 2016. *Id.* ¶¶ 16-17.

In April 2016, Plaintiff filed a state court complaint seeking to reverse the eviction judgment, which was dismissed as untimely and with prejudice in June 2016. *Id.* ¶¶ 18-

19. In October 2016, Plaintiff filed a complaint with the Department of Housing and Urban Development and with the Civil Rights Division of the Arizona Attorney General's Office. *Id.* ¶ 20. The complaint was dismissed in January 2017. *Id.* ¶ 21.

## III. Discussion.

### A. Applicable Law.

Plaintiff's complaint alleges that Defendants retaliated against her by evicting her for complaining about the flooding on her lot. Doc. 1 at 1, 3. Defendants are correct that the ADA does not apply here. *See* Doc. 56 at 4. The ADA applies only to discrimination in employment, public services, and places of public accommodation. *See* 42 U.S.C. § 12203 *et seq.* Private mobile home parks, like Broadway Estates, are generally not places of public accommodation. Although the ADA covers the common areas of mobile home parks, including clubhouses, restrooms, rental offices, and parking lots, it does not cover the home lots themselves. *See Kalani v. Castle Village LLC*, 14 F. Supp. 3d 1359, 1370 (E.D. Cal. 2014); *Gragg v. Park Ridge Mobile Home Court, LLP*, No. 10-3313, 2011 WL 4459701, at *4 (C.D. Ill. Sept. 26, 2011) ("The mobile home lot rental at issue here is more akin to a residential facility than any of the specific entities described in [the ADA]."); *Elliott v. Sherwood Manor Mobile Home Park*, 947 F. Supp. 1574, 1577 (M.D. Fla.1996) (finding mobile home park did not fall within any of the categories covered by the ADA).

### B. FHA Retaliation Claim.

The FHA, which prohibits discrimination in housing, applies here. *See* 42 U.S.C. § 3601 *et seq.*[2] The FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person . . . on account of his having aided or encouraged any other person in the exercise or enjoyment of . . . any right granted or protected by" the FHA.

---

[2] The preamble to the final rule implementing the Fair Housing Amendments Act of 1988, stated that the definition of dwelling under the FHA is "broad enough to cover each of the types of dwellings enumerated in the proposed rule [including] mobile home parks[.]" 54 Fed. Reg. 3,232, 3,238 (Jan. 23, 1989).

42 U.S.C. § 3617. Plaintiff alleges that she was evicted in retaliation for complaining about the persistent flooding on her lot. Doc. 1 at 3.

The Ninth Circuit has held that, as with any retaliation claim, courts analyzing FHA claims must apply the familiar *McDonnell Douglas* burden-shifting framework originally devised for Title VII employment-based claims. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Thus, to establish a prima facie case of retaliation under the FHA, a plaintiff must establish that: (1) the plaintiff was engaged in protected activity; (2) she suffered an adverse action in the form of coercion, intimidation, threats, or interference; and (3) there was a causal link between the two. *See Dubois v. Ass'n of Apartment Owners*, 453 F.3d 1175, 1180 (9th Cir. 2006) (quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1192 (9th Cir.2003)). If a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. *See Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994). If the defendant articulates such a reason, the plaintiff bears the ultimate burden of demonstrating that the justification was merely pretext for a discriminatory motive. *Id.*

Defendants argue that even if Plaintiff engaged in protected activity under the FHA, the evidence shows no causal connection between Plaintiff's complaint in September 2015 and her eviction in February 2016. The Court agrees.

The undisputed evidence shows that Plaintiff was evicted from the Park for non-payment of rent. Although Plaintiff contracted with the Park to withdraw her November rent electronically, the electronic withdrawal was declined and she did not attempt to pay by check. Doc. 57 ¶¶ 7-8. Even if Plaintiff's assertion that she did have sufficient funds to pay rent is true (*see* Doc. 65 ¶ 1), the facts remains that rent was not paid by withdrawal and Plaintiff did not pay by check. Plaintiff has presented no evidence that Defendants were responsible for causing the electronic withdrawal to fail. By February 2016, Plaintiff was three months behind in rent and informed the park that she would not make any further payments. Doc. 57 ¶ 14. Defendants obtained a judicial default judgment evicting her for

non-payment of rent.  *Id.* ¶ 16.  Plaintiff has presented no evidence from which a jury reasonably could find a causal link between her complaint in September 2015 and her eviction in February 2016.

Temporal proximity between protected activity and an adverse action can in some cases constitute sufficient circumstantial evidence of retaliation.  *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (holding that that temporal proximity can be sufficient if "very close.").  In this case, Plaintiff's eviction occurred approximately five months after she complained about the flooding.  Courts have interpreted "very close" temporal proximity to mean that one and a half months is sufficient while three or four months is too long.  *See Garcia v. City of Everett*, 728 Fed. Appx. 624, 628 (9th Cir. 2018) (quoting *Breeden*, 532 U.S. at 273-74); *see also Behan v. Lolo's Inc.*, No. CV-17-02095-PHX-JJT, 2019 WL 1382462, at *5 (D. Ariz. March 27, 2019) (five months too long).  The five-month lapse between Plaintiff's complaint and her eviction is too long, standing alone, to establish a prima facie case of retaliation.

Even if Plaintiff was able to establish a prima facie case of retaliation, she has not presented evidence that Defendants' reason for her eviction was a mere pretext.  Plaintiff may establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the [defendant] or indirectly by showing that the [defendant's] proffered explanation is unworthy of credence."  *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (quoting *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).  Plaintiff "may rely on circumstantial evidence, which . . . must be 'specific' and 'substantial' to create a genuine issue of material fact."  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1029 (9th Cir. 2006) (citation and footnote reference omitted).

Plaintiff presents no evidence of pretext.  As explained above, the undisputed evidence shows that Plaintiff was evicted for non-payment of rent.  Although Plaintiff contracted with the Park to withdraw rent from her account automatically, she presents no evidence that Defendants made any mistakes in processing the withdrawal or intentionally caused the withdrawal to fail in retaliation for her complaint.

Even when the evidence is construed in Plaintiff's favor, the Court finds that she has not raised a triable issue as to whether Defendants retaliated against her for engaging in protected activity under the FHA. The Court therefore will grant Defendants' summary judgment motion.

**IT IS ORDERED:**

1.      Defendants' motion for summary judgment (Doc. 56) is **granted**.

2.      Plaintiff's motion to expedite the case (Doc. 62) is **denied** as moot.

3.      The Clerk is directed to enter judgment in accordance with this order and terminate this action.

Dated this 5th day of November, 2019.

David G. Campbell
Senior United States District Judge